# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

JOSHUA JAMES RUSSELL,

    Plaintiff,

v.

UNIVERSITY OF MINNESOTA OF REGENTS, UNIVERSITY OF MINNESOTA EMPLOYEES, UNIVERSITY OF MINNESOTA PEACE OFFICERS, UNIVERSITY OF MINNESOTA DEPUTY CHIEF OF POLICE OFFICER CHUCK MINOR, UNIVERSITY OF MINNESOTA POLICE LIEUTENANT TROY BUHTA, UNIVERSITY OF MINNESOTA POLICE OFFICER JASON TOSSEY, UNIVERSITY OF MINNESOTA POLICE SERGEANT JIM NYSTROM, UNIVERSITY OF MINNESOTA EMPLOYEE – ERIN KEYES, UNIVERSITY OF MINNESOTA EMPLOYEE – ATTORNEY BABAEVA GULAZAR, and UNIVERSITY EMPLOYEE SHARON DZIK,

    Defendants.

_____

Civil No. 10-2853 (ADM/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when an IFP

applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts that would, if proven true, entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff apparently is attempting to sue various employees of the University of Minnesota. Plaintiff seems to be upset about a series of incidents that allegedly occurred while he was on the campus of the University of Minnesota. Some of those events apparently involved University police officials, faculty, and students, including, (perhaps), some of the named Defendants. However, Plaintiff has failed to state an actionable claim for relief against any of the Defendants, because his complaint does not describe any specific acts or omissions by any of the Defendants that could entitle Plaintiff to any relief under any legal theory. There are no allegations describing anything that any of the named Defendants purportedly did, or failed to do, that could cause any of the Defendants to be liable to Plaintiff. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 21, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 5, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.